FILED
MAR 0 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD DAVIS,

             Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

            Defendant.

CV-07-6352-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff Edward Davis challenges the Commissioner's decision denying his applications for disability insurance benefits and supplemental security income payments under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner concedes reversible error and urges the court to remand for further corrective proceedings. Davis opposes additional proceedings and seeks remand for an award of benefits. The Commissioner's decision should be remanded for payment of benefits.

1 - FINDINGS AND RECOMMENDATION

The administrative law judge ("ALJ") applied the five-step sequential disability determination process set forth in 20 C.F.R. §§ 404.1520 and 416.920. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). He reached the conclusion that Davis is unable to return to the work he has done in the past, but retains the residual functional capacity ("RFC") to perform other work that exists in the national economy. Admin. R. 30.

The court reviews the Commissioner's decision to ensure that proper legal standards were applied and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Commissioner concedes the ALJ improperly rejected the opinion of Douglas Smith, M.D., the assessment of James Read, Ph.D., the disability determination of the Veterans Administration ("VA"), and the assessments of Davis's treating mental health professionals. The Commissioner further concedes these errors led the ALJ to reach unsupported conclusions regarding Davis's RFC and to elicit testimony from the vocational expert ("VE") based on assumptions that did not accurately reflect all of Davis's functional limitations. Davis argues the improperly rejected evidence establishes he is disabled so that giving the evidence proper weight makes further proceedings unnecessary.

## I. Conceded Errors

In July 2003, an MRI showed Davis had multi-level cervical spondylolysis with disc herniation and severe left foraminal stenosis potentially compressing the nerve roots at C6 and C7. Admin. R. 142, 146. Dr. Smith indicated Davis required a discectomy and fusion in the cervical spine. Dr. Smith also found clinical signs and symptoms of lumbar radiculopathy and recommended evaluation by MRI. Dr. Smith opined that Davis was "unable to work" until his spinal condition resolved 6 to 8 weeks after the proposed surgery. *Id.* at 143. Dr. Smith was unclear regarding

Davis's ability to work in the future. The Commissioner concedes the ALJ failed to mention Dr. Smith's evaluation or opinion in his decision.

When an ALJ fails to provide legally adequate reasons for rejecting the opinion of a treating physician which is consistent with the record as a whole, the court accepts the opinion as a matter of law. *See Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989) (court accepts as a matter of law the improperly rejected treating physician's opinion that the claimant was unable to perform past work). The Commissioner does not dispute this, but contends Dr. Smith's opinion does not establish that Davis's spinal degeneration satisfies the duration requirement for a finding of disability.

Unless an impairment is expected to result in death, it must persist or be expected to persist for a continuous period of at least 12 months to meet the duration requirement for disability under the Social Security Act. 20 C.F.R. §§ 404.1509, 416.909. The Commissioner argues it is unclear whether Dr. Smith expected Davis to be able to work after the recovery period following surgery. Accordingly, the Commissioner contends, further administrative proceedings are necessary to determine whether Davis was incapacitated long enough to satisfy the duration requirement.

This argument cannot be sustained because the record establishes that the duration requirement has been met. Even if Dr. Smith's opinion left open the question whether Davis would be able to work following his recovery from surgery, it clearly indicated Davis was unable to work until that treatment was completed. When the ALJ issued his decision in September 2005, the surgery had not been performed and over two years had passed since Dr. Smith gave his opinion.

The record reflects that Davis could not pay for the treatment Dr. Smith recommended and sought to have it covered by the VA. Admin. R. 142. Disability benefits may not be denied to a disabled claimant because of a failure to obtain treatment the claimant cannot afford. *Warre v.*

3 - FINDINGS AND RECOMMENDATION

*Comm'r of Soc. Sec. Admin.*, 439 F3d 1001, 1006 (9th Cir. 2006); *Gamble v. Chater*, 38 F.3d 319, 321 (9th Cir. 1995).

After establishing care with the VA, Davis's back surgery was apparently preempted by more acute problems including colo-rectal cancer and cholecystitis requiring removal of his gallbladder. Admin. R. 384, 387-88, 405, 445, 449-50, 601-03, 624, 628-29. There is no suggestion that the problems in Davis's spine resolved or that his VA providers considered the treatment recommended by Dr. Smith unnecessary. Indeed, degenerative disc disease was a primary factor in the VA's determination that Davis was disabled. *Id.* at 57. Any delay in the treatment of this impairment was justifiable and cannot be attributed to Davis. Accordingly, accepting Dr. Smith's opinion establishes that Davis was disabled from July 2003 at least through the date of the ALJ's decision.

In August 2003, Dr. Read performed a comprehensive psychological evaluation and diagnosed major depressive disorder, general anxiety disorder, substance abuse disorder in partial remission by report, and personality disorder with narcissistic, paranoid, and antisocial features. *Id.* at 138. Davis appeared to have marginal contact with reality. *Id.* at 136. Dr. Read opined Davis's ability to persist on the job appeared to be poor. Davis's ability to interact with supervisors and coworkers was especially poor, due to anger problems, an oppositional personality, and a tendency to be easily provoked into outbursts of anger. *Id.* at 135, 139. The ALJ failed to mention Dr. Read's opinion in his decision.

The Commissioner concedes the ALJ's RFC assessment may not adequately reflect the limitations in Dr. Read's opinion. The Commissioner argues further proceedings would be necessary before it could be determined whether the limitations in Dr. Read's opinion would preclude competitive employment. It is true that Dr. Read's opinion would not establish disability without

vocational expert testimony to assess the impact of the impairments he identified on Davis's ability to perform competitive work.

In March 2004, the VA issued a Rating Decision finding Davis "permanently and totally disabled" as of April 22, 2003. *Id.* at 57. A VA disability rating does not bind the ALJ to reach the same result. 20 C.F.R. §§ 404.1504, 416.904. In the Ninth Circuit, however, an ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The Ninth Circuit recognizes extensive similarities in the purposes, processes and evaluation criteria employed by the two federal programs. *Id.* An ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

In this case, the ALJ failed to consider the VA disability rating and did not mention it in his decision. The VA's disability finding was supported by extensive medical records, showing degenerative disc disease with radiculopathy, hypertension, hepatitis C, gastro-esophageal reflux disease, and psychological deficits. The VA concluded these impairments "prevent [Davis] from working." Admin. R. 57. Giving great weight to the VA disability determination would clearly require a finding that Davis was disabled for the period covered by the Rating Decision.

The Commissioner argues the VA disability rating is not entitled to great weight because the VA did not explicitly address evidence of Davis's substance abuse. A claimant may not receive disability benefits under the Social Security Act if alcoholism or drug addiction would be a contributing factor material to the Commissioner's disability determination. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535(b), 416.935(b); *Parra v. Astrue*, 481 F.3d 742, 746-47 (9th Cir. 2007); *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The record reflects that Davis has a history of alcohol and drug abuse. Davis asserts he stopped using illicit drugs and moderated his drinking in 2003, although his reports are inconsistent and reasonably suggest some degree of minimization. All the evidence of substance abuse cited by the Commissioner was before the VA when it reached its Rating Decision. Despite this, the VA found Davis unable to work due to the impairments listed in its decision, not because of substance abuse. The ALJ had the opportunity and obligation to evaluate this evidence and explain why he did not believe it supported the VA's decision, but failed to do so. That error does not justify additional delay to permit him to do so now. In light of the similar purposes, processes, and evaluation criteria used by the two federal programs, there is no need for further delay. As in *McCartey*, the record is fully developed and does not support the Commissioner's decision. Giving great weight to the VA Rating Decision, a finding of disability is clearly required. 298 F.3d at 1076-77.

## II.    Remand

The court has discretion to remand an administrative decision for corrective proceedings or to reverse or modify the decision without remanding the case for further proceedings. 42 U.S.C. § 405(g); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). Generally, when a court reverses an administrative decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) and *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004).

The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when

the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). A proper basis to direct an award of benefits arises when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting probative evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *McCartey*, 298 F.3d at 1076; *Harman*, 211 F.3d at 1178; *Smolen*, 80 F.3d at 1292.

In this case, no useful purpose would be served by further administrative proceedings. The record has been fully developed and the evidence is not sufficient to support the Commissioner's conclusion that Davis retains the RFC to perform competitive work. Crediting Dr. Smith's opinion and giving great weight to the VA Rating Decision resolves all outstanding issues and compels a determination of disability. Further proceedings for an ALJ to make that determination are not necessary or justified.

Delay is also an appropriate consideration in the exercise of the court's discretion to direct an award of benefits. A remand for benefits rather than corrective administrative proceedings is indicated when the claimant has experienced long delay in litigating her claim. *Vertigan v. Halter*, 260 F.3d 1044, 1053 (9th Cir. 2001). Permitting the Commissioner repeated opportunities to correct errors in the disposition of a case is unfair as well as time consuming. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Six years have passed since Davis filed his claim.

Crediting the opinion of Dr. Smith and the VA Rating Decision support a finding of disability from April 22, 2003, through the date of the Commissioner's decision. Davis failed to provide

7 - FINDINGS AND RECOMMENDATION

evidence from which an ALJ might infer an earlier onset date. Social Security Ruling 83-20. Accordingly, the ALJ's determination that Davis was not disabled should be affirmed for the period from the alleged onset of disability on February 28, 2002, until the beginning of the period covered by the VA Rating Decision on April 22, 2003. This court should remand with instructions to calculate and award benefits based on a disability onset date of April 22, 2003.

## RECOMMENDATION

For the reasons set forth above, the Commissioner's decision should be REVERSED and REMANDED pursuant to sentence four of 42 USC § 405(g) for calculation and award of benefits.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 23, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this 9th day of March, 2009.

Paul Papak
United States Magistrate Judge