FILED'09 MAY 05 11:16USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD L. DAVIS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

ORDER

Civil No. 07-6352-PK

HAGGERTY, District Judge:

    Magistrate Judge Papak refers to this court a Findings and Recommendation [28] in this matter. The Findings and Recommendation recommends remanding this matter for payment of benefits. Defendant has filed objections. For the reasons provided, this court adopts the Findings and Recommendation.

1 - ORDER

## STANDARDS

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). This court has performed a *de novo* review, evaluating the Findings and Recommendation, the objections, and the entire record.

## DISCUSSION

The Findings and Recommendation concluded that this matter should be remanded for an award of benefits because "[t]he record has been fully developed and the evidence is not sufficient to support the Commissioner's conclusion that Davis retains the [residual functional capacity] to perform competitive work. Crediting Dr. Smith's opinion and giving great weight to the VA Rating Decision resolves all outstanding issues and compels a determination of disability." Findings and Recommendation at 7.

Defendant concedes that the opinion of the administrative law judge (ALJ) was flawed. Specifically, defendant acknowledges that the ALJ erred by failing to address: (1) the physical evaluation of Douglas Smith, M.D.; (2) the psychological evaluation of James Read, Ph.D.; and (3) the disability rating assigned to plaintiff by the Department of Veterans Affairs (VA). Defendant, however, contends that neither Dr. Smith's opinion nor the VA disability rating compels a determination of disability.

Defendant first argues that crediting Dr. Smith's opinion is "inconsistent with the Social Security Act" and "inconsistent with basic principles of administrative law." Def.'s Objections at 2, 4. However, the Ninth Circuit has held repeatedly that a reviewing court is entitled to credit as true medical and lay witness testimony. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir.

2003) (discussing Ninth Circuit cases involving the credit as true rule). "In the past, we have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1293 (9th Cir. 1996).

The credit as true rule is based upon basic notions of fairness and due process. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that [plaintiff] is not credible any more than [plaintiff], had he lost, should have an opportunity for remand and further proceedings to establish his credibility."); *also Varney v. Secretary*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicant's claims."). Although subject to judicial discretion, the credit as true rule prevents the Commissioner from getting multiple opportunities to craft a desired outcome and expedites the resolution of meritorious claims. This court is not persuaded by defendant's assertion that a reviewing court's options are limited to affirming the Commissioner's decision or remanding for further consideration of the evidence.

Defendant argues in the alternative that remanding for payment of benefits is unwarranted even if the credit as true rule applies. Although conceding that the ALJ did not provide legally sufficient – or any – reasons for rejecting Dr. Smith's opinion or the VA disability rating, defendant asserts that it is not clear that the ALJ would be required to find plaintiff disabled were such evidence credited.

Defendant contends that the Findings and Recommendation's treatment of Dr. Smith's

3 - ORDER

opinion is flawed. Doctor Smith opined that plaintiff would be "unable to work" until his spinal condition was resolved. Transcript of Record at 2. Because plaintiff never had the back surgery necessary to improve his spinal condition, the Findings and Recommendation concluded that Dr. Smith's opinion supported finding plaintiff disabled at the time of the ALJ's opinion. Defendant objects, arguing that plaintiff's failure to seek further treatment or make frequent mention of back pain undermines Dr. Smith's opinion.

The ALJ made no findings regarding Dr. Smith's opinion. *Post hoc* rationalizations of agency decisions are impermissible. *Vista Hill Foundation, Inc. v. Heckler*, 767 F.2d 556, 559 (9th Cir. 1985).

The Findings and Recommendation also gave great weight to the VA's determination that plaintiff was "permanently and totally disabled" as of April 22, 2003. Findings and Recommendation at 5; Transcript of Record at 57. In *McCartey v. Massanari*, the Ninth Circuit observed that an ALJ "must ordinarily give great weight to a VA determination of disability." 298 F.3d 1072, 1076 (9th Cir. 2002). Defendant, however, argues that plaintiff's VA disability rating is not entitled to great weight because the VA did not explicitly address evidence of plaintiff's substance abuse. Defendant notes that the Social Security Act's definition of disability excludes individuals whose drug or alcohol abuse is material to a finding of disability. *See* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."). Defendant asserts that there is "*no similar requirement* that the VA consider a veteran[']s alcohol or drug abuse in it[]s assessment of disability." Def.'s Objections at 6-7.

This court agrees with the reasoning of the Findings and Recommendation that:

4 - ORDER

> All the evidence of substance abuse cited by the Commissioner was before the VA when it reached its Rating Decision. Despite this, the VA found Davis unable to work due to the impairments listed in its decision, not because of substance abuse. The ALJ had the opportunity and obligation to evaluate this evidence and explain why he did not believe it supported the VA's decision, but failed to do so. That error does not justify additional delay to permit him to do so now. In light of the similar purposes, processes, and evaluation criteria used by the two federal programs, there is no need for further delay.

Findings and Recommendation at 6. Because defendant's argument was fully addressed in the Findings and Recommendation, this court need not engage in further discussion of these issues.

Having carefully reviewed the Findings and Recommendation, the objections, and the entire record, this court concludes that the Findings and Recommendation is legally sound and worthy of adoption in its entirety. Crediting as true the opinion of Dr. Smith and the disability evaluation of the VA, it is clear from the record that the ALJ would be required to find plaintiff is disabled.

## CONCLUSION

The court adopts the Findings and Recommendation [28]. For the reasons set forth above and in the accompanying Findings and Recommendation, the final decision of the Commissioner denying plaintiff Edward L. Davis' application for benefits is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this 5 day of May, 2009.

_____
Ancer L. Haggerty
United States District Judge

5 - ORDER