IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EDWARD L. DAVIS,

        Plaintiff,

                                        Civil No. 07-6352-PK
                                        ORDER

        v.

MICHAEL J. ASTRUE,
COMMISSIONER of Social Security,

        Defendant.

_____

HAGGERTY, District Judge:

        At the outset, the court acknowledges that the scrutiny it gives to litigation regarding fee

awards calculated from contractual arrangements between a Social Security claimant and his or

her counsel is undertaken with special care.  This is so because of the almost-unique posture of

the parties in such litigation: typically, the defendant Commissioner remains silent regarding the

post-Judgment task of how to properly apportion a claimant's attorney fee award from the

benefits that the Commissioner has been ordered (over the Commissioner's objection) to pay to

the claimant.

Page 1 - ORDER

Instead, the claimant's attorney prepares his or her own fee award motion without scrutiny from any adversary or other professional entity. Ostensibly, counsel remains in a role as an advocate on behalf of his or her Social Security claimant. However, the interests propelling counsel's motions regarding a fee award are no longer aligned with the interests of the lawyer's client. Consequently, the court is deprived of the advantage of assuming that an absence of objections to an attorney's assertions in such motions can be construed as signifying that the assertions are accurate, fair, or proper. Counsel's factual assertions and arguments must be examined more carefully.

Plaintiff Edward L. Davis filed an action against defendant Commissioner of the Social Security Administration on December 5, 2007. After granting unopposed extensions advanced by both parties, Magistrate Judge Papak reviewed the record and the parties' briefs and rendered a Findings and Recommendation on March 9, 2009. He recommended reversing the Commissioner's prior decision that denied plaintiff's application for disability insurance benefits and Supplemental Security Income, and remanding the action to the Social Security Administration for the calculation and award of benefits. On May 5, 2009, this court adopted Magistrate Judge Papak's well-reasoned recommendation.

Plaintiff subsequently moved for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA). On July 6, 2009, this court entered an Order awarding attorney fees in plaintiff's favor in the amount of $7,499.00.

Plaintiff's counsel later moved for approval of additional payment to himself out of plaintiff's retroactive benefits award. The Magistrate Judge recommended denying that motion because of an absence of evidence regarding the existence of any agreement between counsel

and plaintiff that provided the fee arrangement sought by counsel. Plaintiff's counsel moved for

leave to augment the record to provide a copy of his fee agreement with plaintiff. On June 15,

2010, Magistrate Judge Papak construed that motion to augment as a request for reconsideration,

and recommended granting both the reconsideration and the underlying fee request of $8,642.25

to be paid to counsel from plaintiff's benefits award.

Before this court is that Findings and Recommendation [57], which addresses the

reconsideration motion [48] and the pending fee motion [38].

## ANALYSIS

Upon a entering a judgment in favor of a Social Security claimant who was represented

by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for

such representation, not in excess of 25 percent of the total of the past-due benefits to which the

claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Such fee awards

are paid from a claimant's retroactive benefits award. *Id.* An attorney receiving such a fee

award may not seek any other compensation from a claimant besides a § 406(b) fee. *Id.*

Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the

claimant's attorney must refund to the claimant the amount of the smaller of the two payments.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The court must assess the reasonableness of

the fee before granting approval. *See* 42 U.S.C. § 406(b)(1)(A).

A court determining a reasonable fee award under § 406(b) is compelled to honor the

"primacy of attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793. However, contingent

fee agreements in excess of 25 percent of the claimant's retroactive benefits, or agreements that

fail to "yield reasonable results in particular cases," can be rejected. *Id.* at 807. The court must

ensure that the contingent fee agreement is reasonable, and the burden of establishing the reasonableness of the calculated fee is borne by the claimant's counsel.  *Id.*

The court may reduce a contingent fee "based on the character of the representation and the results the representative achieved."  *Id*. at 808.  In particular, a contingent fee award may be reduced if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time attorney spent on the case.  *Id.*

The Ninth Circuit recently issued an *en banc* decision addressing the § 406(b) reasonableness analysis under *Gisbrecht*.  *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).  The *Crawford* majority emphasized that the Supreme Court has provided a "clear directive" that a district court should begin its analysis with the attorney-client fee agreement, and then apply any appropriate reductions to the calculated contingency fees to arrive at a reasonable fee:

> the Supreme Court's clear directive [is] that the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

In this case, counsel seeks $8,642.25 in fees.  This amount is derived by subtracting $7,499.00 (the amount of the EAJA fee award counsel has already received) from $16,141.25, an amount that constitutes 25 percent of $64,565.00, which is the total that counsel alleges plaintiff recovered as a retroactive benefits award from defendant Commissioner.  In support of this fee request, counsel refers to an attorney-client fee agreement he entered into with plaintiff.  There is

no dispute that the agreement calls for a fee award in the amount of 25 percent of plaintiff's benefits recovery.

The prosecution of this case was straightforward. The Magistrate Judge noted that the case was "significantly less risky than the average Social Security claim." Findings and Recommendation at 15. The Social Security Administration rejected plaintiff's initial application for benefits, but then conceded that its determination should be remanded after plaintiff retained counsel and commenced litigation.

As the claimants did in *Crawford* and *Gisbrecht*, plaintiff signed a 25 percent contingency fee agreement with counsel. Unlike the counsel in *Crawford*, plaintiff's attorney has declined to reduce his demand under the fee agreement to an amount less than the 25 percent of plaintiff's retroactive benefits award. *Crawford*, 586 F.3d at 1144-46 (attorneys in three cases filed motions requesting fees of less than the 25 percent provided for in their attorney-client fee agreements; one attorney sought 16.95 percent; another attorney sought 15.12 percent; a third attorney sought 13.94 percent).

This court's task is to evaluate whether an award of $16,141.25, which is 25 percent of plaintiff's alleged retroactive benefit award, is reasonable in this case. If reasonable, then the final award amount would be adjusted to reflect the amount counsel has already received in EAJA fees.

Summarizing the reasoning found in *Crawford*, the court determines reasonableness by first looking to the fee agreement, and then adjusting downward as appropriate after evaluating counsel's performance, considering the delays occurring in the litigation, and determining whether the fee award is in proportion to the representation required for the case. *Crawford*, 586

F.3d at 1151-53 (citations omitted).  In addition to clear directives to begin this kind of analysis regarding reasonableness with the attorney-client fee agreement, the court is plainly empowered to exercise some discretion to ensure that the claimant is protected from having to surrender past disability benefits in a compelled windfall payment to counsel.  *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

A.    **Fee Agreement**

Although counsel has not voluntarily reduced his fee request to less than the 25 percent provided for in the contingency fee contract existing between client and counsel, that fact alone does not void the agreement.  Fee agreements that do not result in an award *exceeding* 25 percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement yields "reasonable results" under the circumstances of this particular case.  *Gisbecht*, 535 U.S. at 807.

B.    **Counsel's Performance**

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151.  The record in this case provides no basis for a significant reduction in the requested § 406(b) fee due to the character of counsel's representation.  However, an absence of evidence suggesting fraud or overreaching in securing a 25 percent fee agreement, or suggesting poor advocacy or incompetent representation after the agreement was made, does not by itself compel a finding of reasonableness.

In this case, the Magistrate Judge found counsel's excuse for initially failing to provide evidence of his fee agreement to support his fee motion troubling.  Findings and Recommendation at 4.  Although the Magistrate Judge properly concluded that there was an

absence of any evidence regarding bad faith on the part of counsel's omission, the additional analysis that there was no danger of prejudice because "no party opposes counsel's motion" underscores the complexity of these kinds of fee motions.  As noted at the outset, the Commissioner has no interest in litigating these motions, and the claimant – who is the party being compelled to pay the fee award – has no other voice than counsel's.  The court remains concerned about the possibility of prejudice suffered by the claimant due to omissions or carelessness on the part of counsel.

Moreover, the Magistrate Judge noted that counsel failed to offer evidence into the record that supported his allegation that his client recovered $64,565 in retroactive benefits.  Findings and Recommendation at 10.  The "Administration's failure to object to counsel's motion" permitted the Magistrate Judge to accept the award amount asserted by counsel.  *Id*.

However, as noted, the Administration's silence in this kind of post-Judgment fee litigation between counsel and counsel's client is a unreliable basis for such assumptions.  Instead, the sole reason for accepting counsel's unsupported assertion may be that it is his own best interests to avoid understating his client's award.  This evidentiary omission by counsel – so soon after counsel's failure to support the record with evidence of his underlying fee agreement – provides additional concerns to consider when determining the reasonableness of his 25 percent fee request.

Finally, the Magistrate Judge correctly cites counsel's omissions regarding documentation that could have assisted the court in determining the reasonableness of his fee request:

> Ideally, a 406(b) fee petitioner would provide in suppport of his or her petition, in addition to evidence of the total retroactive benefits award, a

Page 7 - ORDER

contemporaneously prepared record of time expended, and a statement of the attorney's normal hourly fee in non-contingent matters, some form of statement of the attorney's pre-litigation assessment of the risk the attorney undertook in agreeing to represent the Social Security claimant that an unfavorable result would occur, resulting in no compensation for the attorney's services. Here, I have no information as to Davis' counsel's pre-litigation assessment of the risk presented by Davis' Social Security claim. From my own perspective as the judge to whom Davis' request for judicial review was presented, I would rate Davis' claim as significantly less risky than the average Social Security claim.

Findings and Recommendation at 14-15.

The Magistrate Judge also noted that counsel failed to present any evidence of counsel's "normal hourly rate, if any, for non-contingent matters." Findings and Recommendation at 12-13. These further omissions are troubling and are taken into account in this court's determination of the reasonableness of counsel's request for a full 25 percent fee award.

## C.    Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. In this case, counsel sought or acquiesced to four extensions on behalf of his client. On June 6, 2008, counsel sought "a 30 [day] extension to file the Opening Brief" because he had six briefs due over a four-week time period. Declar. of Alan Graf In Supp. Mot. Extend. On September 23, 2008 defense counsel indicated that Graf agreed to a thirty-day extension while settlement authority was pursued. Declar. of Terrye Shea In Supp. Mot. Extend. Plaintiff's attorney also agreed to a third extension for one month while settlement negotiations were underway. Declar. of Terrye Shea In Supp. Second Mot. Extend. On December 15, 2008, plaintiff's counsel sought a fourth, brief extension for filing plaintiff's Reply Brief.

Page 8 - ORDER

Although the delays experienced were not abusive, this court concludes that the delays should be reflected in some degree in the determination of the proportionality of the final fee award.  Counsel's refusal to seek any voluntary reduction in his 25 percent fee request leaves these delays unaddressed.

### D.    Proportion

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."  *Gisbrecht*, 535 U.S. at 808.

Plaintiff's attorney claims 47.85 hours litigating an application for Social Security benefits that – after receipt of plaintiff's Opening Brief – was largely uncontested by the Commissioner.  Assuming the hours claimed are accurate, and counsel's allegation regarding the amount plaintiff received as a retroactive benefit award is correct, counsel's fee request of $16,141.25 would result in the equivalent of an hourly rate of $337.33.  That payment would reflect compensation for successfully persuading the Magistrate Judge that an uncontested remand to the Commissioner should be for an immediate award of benefits rather than for further proceedings.  Counsel's Reply brief, which addressed the only issue to be litigated (whether to remand for further proceedings or for an award of benefits), was under four pages.

The court is cognizant of the fact that counsel was successful in representing his client, and that it was his Opening Brief that compelled the Commissioner to seek remand.  However, the relative simplicity of this litigation compels this court to apply a percentage of less than the 25 percent permitted under the attorney-client fee agreement.  This is done to prevent a

disproportionate windfall to counsel, and – just as importantly – to prevent a disabled client from incurring a disproportionate loss of benefits for his legal representation.  This result is consistent with the court's statutory duty to assess the reasonableness of this kind of contingent fee, and with the guidance provided by the Supreme Court and the Ninth Circuit.

The guidance provided by case authorities is less clear regarding how to evaluate the risk the attorney undertook by representing the client without a guarantee of compensation for his services when the litigation concluded.  An aspect of that risk is already reflected in the statutory authority given to attorneys to seek fee agreements of up to 25 percent of client's benefits, particularly after considering that such clients are likely destitute and believe themselves to be disabled and incapable of employment.  Permitting attorneys to request contractual fee agreements of up to 25 percent of any retroactive benefits awarded to such clients, and requiring initial judicial deference to the primacy of those agreements, may be said to satisfactorily address the pre-litigation risk of an unfavorable result.

Under the circumstances presented in this case, this court concludes that the concerns outlined above about the proportionality of a full 25 percent award are not allayed by the fact that counsel undertook some risk in agreeing to represent this plaintiff on a contingency basis.  Such risks can be contemplated and rewarded adequately in a fee award that nevertheless falls short of a full quarter of plaintiff's retroactive benefits.

**Appropriate Fee**

For the reasons stated, the Findings and Recommendation [57] is adopted in part and counsel's motion for approval of § 406(b) fees is granted in part.  Although counsel's rationalizations for failing to present an adequate record regarding his initial fee request are

Page 10 - ORDER

troubling, this court adopts the Magistrate Judge's recommendation granting counsel's motion for reconsideration [48].

However, a fee award of 25 percent of plaintiff's retroactive benefits is deemed to be disproportionate.  Plaintiff's Motion for a Fee Award [38] is granted in part.  Because of issues regarding counsel's performance, delays incurred or acquiesced to by counsel, the size of the retroactive benefits recovered in relation to a reasonable estimate of the complexity of the representation, and the estimated number of hours necessary to fairly conduct that representation, this court concludes that counsel's fee award should total 15 percent of the alleged retroactive benefits award.  Accordingly, counsel is entitled to $2,185.75.  This amount equals 15 percent of the retroactive award of $64,565 ($9,684.75), minus the previously awarded EAJA fee of $7,499.

IT IS SO ORDERED.

Dated this ___7___ day of July, 2010.

\_\_\_\_\_/s/ ANCER L. HAGGERTY\_\_\_\_\_
Honorable Ancer Haggerty
United States District Judge

Page 11 - ORDER